

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Beeman Strong
Honorable M. E. Sadler
Honorable Marvin Leonard
State Board of Public Welfare
Austin, Texas

Gentlemen:

                    Opinion No. O-1550
                    Re: The date upon which the
                         State Board of Public Wel-
                         fare must assume its duties
                         and appoint an executive
                         Director of the Department
                         of Public Welfare.

        We have given careful consideration to your
request of August 24, 1939, for the opinion of the
Attorney General on the following questions which we
quote from your letter:

        "(1) Can the several agencies of the
State whose duties are transferred by this Act
to the State Department of Public Welfare con-
tinue to operate under the present setup, say for
a period of thirty days, after August 31st, pay-
ing the salaries provided in the appropriation
bill, without the State Board assuming super-
vision of such agencies?

        "(2) If in answer to above question you
hold that it will be necessary for the State
Board to assume supervision after August 31st,
can the present agencies continue to operate
during such period under the present setup (the
employees of the respective agencies receiving
the salaries provided in the appropriation bill),
without the appointment of an Executive Director
by the State Board?"

Hon. Beeman Strong, Hon. M. I. Sadler, Hon. Marvin Leonard
Page 2-


The State Department of Public Welfare is created
by Senate Bill No. 36 of the Regular Session of the Forty-
sixth Legislature, Section 36a of said Act which you quoted
in your letter reads as follows:

"The effective date of this Act shall be
September 1, 1939, Thereafter, the several
officers and agencies of the State whose duties
are transferred by this Act to the State Depart-
ment shall continue to discharge the respective
duties which they were discharging at the time
of the taking effect of this Act, until the
State Board shall certify in writing, to the
Secretary of State and the Comptroller of Public
Accounts, that the State Department of Public
Welfare is organized, as prescribed in this Act
and is prepared to assume the duties assigned
to it by the provisions of this Act."

The above-quoted provision apparently contemplates
that the State Board of Public Welfare may postpone the
assumption of its duties prescribed in Senate Bill No. 36
until some time after September 1, 1939, and that the
various agencies committed by this Act to the supervision
of the new Board shall continue to function under the
former setup, i.e., under the supervision of the Board
of Control. We find, however, upon referring to the De-
partmental Appropriation Bill, being Senate Bill No.427,
of the 46th Legislature, that no appropriation has been
made to the Board of Control for the biennium beginning
September 1, 1939, for the operation of several depart-
ments transferred to the State Department of Public
Welfare by Senate Bill No. 36. No appropriation has
been made to the (1) Texas Old Age Assistance Commission
(2) The Texas Relief Commission or (3) The Child Welfare
Department. We find only an appropriation to the State
Department of Public Welfare which appropriation is sub-
divided into three divisions, being (1) the Division of
Old Age Assistance (2) the General Relief Division and (3)
the Division of Child Welfare. In the rider to the appro-
priation to the State Department of Public Welfare we find
the following language:

"Provided further that none of the rights,
powers and duties herein created and delegated

shall be exercised by any department or board
except by the State Department of Public Wel-
fare and none of the appropriations herein made
shall be expended except by said Department and
the consent and approval of the State Board of
Public Welfare as to policy shall be necessary
before any expenditures can be made under these
appropriations?"

It is, therefore, apparent that the Old Age Assis-
tance Commission, the Texas Relief Commission and the De-
partment of Child Welfare cannot continue to function under
the supervision of the Board of Control after August 31,
1939, for the reason that no money is provided for the
operation of these three agencies except as they have be-
come a part of the State Department of Public Welfare under
the supervision of the State Board of Public Welfare.

Our answer to your first question must therefore
be that the several agencies of the State whose duties are
transferred to the State Department of Public Welfare cannot
continue to operate under the present setup, i.e., under the
Board of Control after August 31, 1939, for the reason that
the Legislature has made no provision for the payment of the
expenses of such operation.

Considering now your second question as to whether
the present agencies may continue to operate after August 31,
1939, under the supervision of the State Welfare Board with-
out the appointment of an Executive Director.

We hereinafter quote certain provisions from Senate
Bill No. 56 which we believe control the question:

"Section 3.a. The Board shall select and
appoint, with the advice and consent of two-
thirds (2/3) of the membership of the Senate,
an Executive Director of the Department of Pub-
lic Welfare, who shall be the executive and
administrative officer of the State Department
and shall discharge all administrative and exe-
cutive functions of the State Department.* * *g

"Section 3.c. The Board, its agents, rep-
resentatives and employees shall constitute the

State Department of Public Welfare and when-
ever, by any of the provisions of this Act, or
of any other Act, any right, power or duty is
imposed or conferred on the State Department
of Public Welfare, the right, power or duty so
imposed or conferred shall be possessed and ex-
ercised by the Executive Director unless any
such right, power or duty is specifically dele-
gated to the duly appointed agents or employees
of such department, or any of them by this Act
or by an appropriate rule, regulation or order
of the State Board."

"Section 4. The Executive Director shall
be the executive and administrative officer of
the State Department. The Executive Director,
with the consent and approval of a majority of
the members of the Board shall: * * * b. Fix
objective standards for all positions included
in the classifications."

"Section 6a. * * *The Executive Director
shall have the power . . . to select, appoint,
and discharge such assistants, clerks, stenogra-
phers, auditors, bookkeepers, and clerical assis-
tants as may be necessary in the administration
of the duties imposed upon the State Department
of Public Welfare * * *."

We wish to call particular attention to Section
37b:

"All assistance benefits provided for under
the terms of this Act shall be paid by vouchers
or warrants drawn by the State Comptroller on
the 'State Department of Public Welfare Fund';
for the purpose of permitting the State Comp-
troller to properly draw and issue such vouchers
or warrants, the State Department of Public Wel-
fare shall furnish the Comptroller with a list
or roll of those entitled to assistance from
time to time, together with the amount to which
each recipient is entitled. When such vouchers
or warrants have been drawn they shall be de-
livered to the Executive Director of the State
Department of Public Welfare, who in turn shall

Hon. Beeman Strong, Hon. M. E. Sadler, Hon. Marvin Leonard,
Page 5

supervise the delivery of same to the persons
entitled thereto."

We also wish to call your attention to Section 5
of the Act, which reads in part:

"The State Department shall be charged with
the administration of the welfare activities of the
State as hereinafter provided. The State Depart-
ment shall:

"* * *

"Establish and provide such method of local
administration as is deemed advisable, and pro-
vide such personnel as may be found necessary for
carrying out in an economical way the administra-
tion of this Act;"

We believe that the above quoted provisions from
Senate Bill No. 36 clearly evidence an intention on the part
of the Legislature to place all administrative duties pro-
vided in the Act in the hands of the Executive Director,
the Board of Public Welfare being intended merely as a super-
visory body. In as much as the Act clearly places the re-
sponsibility for the administration of the multifarious
duties of the State Department of Public Welfare in the
hands of the Executive Director, it is our opinion that
said department cannot function without the appointment of
the Executive Director.

We therefore respectfully advise you that under
the Act, the first duty of the Board upon qualifying and
after electing a Chairman shall be to select and appoint
an Executive Director as provided in Section 3a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      (Signed)
           Walter R. Koch
           Assistant

WRK:LM

Approved: Aug. 31, 1939.
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB-Chairman